28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESOLUTION TRUST CORPORATION, as Receiver for Western Empire
Federal Savings and Loan Association, a federal
mutual savings and loan association,
Plaintiff-Appellee,
v.
AMERICAN REALTY GROUP, INC., a Delaware corporation,
Defendant-Appellant.
 No. 93-15068.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 15, 1994.
Decided May 23, 1994.
 
 Before: CHOY, REINHARDT, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 American Realty Group, Inc. ("ARG") appeals from the district court's entry of summary judgment in favor of the Resolution Trust Corporation ("RTC") on the latter's breach of contract action against ARG. We affirm.
 
 
 3
 ARG first contends that the district court erred by applying federal law to ARG's defenses to the RTC's claim that ARG was in breach of contract by refusing to honor the terms of a loan guaranty. It is well settled that federal, not state, law governs the interpretation and application of defenses asserted against the Federal Deposit Insurance Corporation. D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 456 (1942); FDIC v. O'Melveny & Meyers, 969 F.2d 744, 751 (9th Cir.1992), cert. granted, 114 S.Ct. 543 (1993). This same principle applies to the RTC. 12 U.S.C. Sec. 1441a(b)(4)(A); RTC v. Midwest Fed. Savs. Bank of Minot, 4 F.3d 1490, 1499, 1503 (9th Cir.1993). ARG's efforts to sidestep this clear line of authority are not persuasive.
 
 
 4
 ARG next contends that it was not bound under California law to honor the terms of its loan guaranty. To the extent ARG urges us to allow the assertion of a state law defense to the RTC's enforcement efforts, that argument suffers from the same infirmities noted above. To the extent ARG attempts to vary the terms and conditions of its obligations under the loan documents, we note that a loan guarantor and/or obligor cannot block the RTC's efforts to enforce the provisions of a defaulted loan by seeking to vary the terms and conditions of the loan documents without first meeting the conditions spelled out in 12 U.S.C. Sec. 1823(e). Bank of Minot, 4 F.3d at 1497-1502. Section 1823, which codifies the holding of D'Oench, Duhme & Co., applies to the RTC as well as to the FDIC. See 12 U.S.C. Sec. 1441a(b)(4)(A); Bank of Minot, 4 F.3d at 1499. See also Langley v. FDIC, 484 U.S. 86, 96 (1987). The district court did not err by ruling as it did on this point, and we find no error with the district court's entry of summary judgment in favor of the RTC.[1]
 
 
 5
 Finally, the RTC seeks attorney's fees on appeal. The right to fees is expressly provided for in the loan guaranty, and the RTC's request complies with the dictates of 9th Cir.R. 28-2.3 and 39-1.6. See United States v. City & County of San Francisco, 990 F.2d 1160, 1161 (9th Cir.1993) (per curiam order). We grant the request for fees.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED, and the RTC's request for fees on appeal is GRANTED, in an amount to be determined by the district court.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 ARG also contends that the district court erred by finding that ARG had waived its defenses as a matter of state law, and by holding that ARG's dispute concerning the amount of the RTC's claim was barred by res judicata. In the light of our holding, we need not reach the merits of these remaining issues